UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANET LUIZ,   ) | |
|     Plaintiff,   ) | |
| v.   ) | No. 3:15-CV-4005-G |
| EBBY HALLIDAY REAL ESTATE, INC.,   ) | |
|     Defendant.   ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United State Magistrate Judge for pretrial management. Standing Order of Reference, ECF No. 16. On December 18, 2015, Janet Luiz ("Plaintiff") filed this action alleging that her former employer, Ebby Halliday Real Estate, Inc. ("Defendant") discriminated against her. Compl. 2-3, ECF No. 1. On August 9, 2016, Defendant filed its Motion to Dismiss for Failure to Prosecute [ECF No. 21]. On August 23, 2016, Defendant filed its Amended Motion to Dismiss for Failure to Prosecute [ECF No. 27] ("Amended Motion to Dismiss"). On August 29, 2016, Plaintiff filed her response to Defendant's Amended Motion to Dismiss [ECF No. 29].

Defendant states that Plaintiff's deposition was originally scheduled for May 26, 2016 pursuant to the parties' agreement. Am. Mot. to Dismiss 1, ECF No. 27. Defendant argues that while Plaintiff agreed to the withdrawal of her counsel on May 5, 2016, this consent did not alter her deposition date or any other dates in the Court's Scheduling Order, and the parties did not agree to any such changes. *Id.*, ECF No. 27. Defendant states that pursuant to Plaintiff's request, her deposition was reset on May 19, 2016 to June 17, 2016, but the continuance was not conditioned on her ability to find replacement counsel. *Id.* at 1-2, ECF No. 27. Shortly before the second deposition setting, Plaintiff asked the Court to extend all pending deadlines so that she could find replacement

counsel. *Id.* at 2, ECF No. 27. However, the Court gave Plaintiff until July 29, 2016 to find replacement counsel, but otherwise denied her request to extend all pending deadlines. Order 1, ECF No. 18. Based on this Order, Defendant states that it rescheduled Plaintiff's deposition for August 1, 2016, and Plaintiff did not object to this setting. Am. Mot. to Dismiss 2, ECF No. 27. However, on July 26, 2016, Plaintiff filed another motion seeking additional time to find an attorney, and the Court, on August 11, 2016, ordered Plaintiff to find replacement counsel by August 19, 2016. Order, ECF No. 22. Plaintiff was informed in the Court's August 11, 2016 Order that she will not be permitted any further continuances. Order, ECF No. 22. Defendant states that it reset Plaintiff's deposition for August 23, 2016 based on this Order and informed Plaintiff, who acknowledged receipt, but did not object to the new date. Am. Mot. to Dismiss 2, ECF No. 27. Defendant states that on August 15, 2016, Plaintiff filed a letter asking the Court for relief from participating in a deposition that has been reset for the fourth time. Letter, ECF No. 25. In this letter, Plaintiff states that she has a scheduling conflict due to a substitute teacher orientation scheduled for August 25, 2016. Letter 1, ECF No. 25. Defendant states that its counsel pointed out to Plaintiff that the deposition was rescheduled for August 23, 2016, not August 25, 2016, but Plaintiff stated that she would not appear for the deposition until ordered to do so by the Court. Am. Mot. to Dismiss 3, ECF No. 27. Defendant states that its counsel informed Plaintiff that no such order was anticipated and that Plaintiff acts at her peril by failing to appear at the deposition, but that Plaintiff nevertheless failed to appeared on August 23, 2016. *Id.*, ECF No. 27.

The District Court has the authority to dismiss this case for Plaintiff's failure to prosecute or comply with the federal rules or court orders. FED. R. CIV. P. 41(b). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, with or

without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). "Dismissals with prejudice 'are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.'" *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Such aggravating factors include "(1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Id.* (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248 (5th Cir. 1984)). However, courts are required to consider lesser sanctions such as fines, costs, dismissal without prejudice, and explicit warnings. *See id.* ("In addition to the foregoing, the court must consider lesser sanctions. That consideration, and the court's findings that lesser sanctions would be inadequate, must be spread upon the record for 'such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.'" (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984))).

Defendant argues that dismissal of this case is warranted under Federal Rule of Civil Procedure ("Rule") 41(b), because Plaintiff is required to appear for her deposition and otherwise prosecute her own case. *Id.*, ECF No. 27. Defendant argues that Plaintiff failed to show good cause why the dates in the Court's Scheduling Order should be altered or why any of her four previously scheduled depositions should not have gone forward. *Id.*, ECF No. 27. Defendant reiterates that Plaintiff failed to appear for her fourth deposition setting, despite the fact that the Court gave her additional time to find replacement counsel and informed her that no additional continuances will

3

be permitted. *Id.*, ECF No. 27. Defendant argues that the Court has been more than understanding of Plaintiff's circumstances, but that Plaintiff failed to find replacement counsel more than one hundred days since she consented to her former counsel's withdrawal. *Id.* at 4, ECF No. 27. Defendant argues that it has been prejudiced by its continued inability to obtain discovery and prepare its defense. *Id.*, ECF No. 27.

Plaintiff contends in her response that she is not capable of prosecuting this case herself. Resp. 1, ECF No. 29. However, as Defendant points out, Plaintiff failed to find replacement counsel, despite the fact that the Court has given Plaintiff ample time to do so. This case cannot be indefinitely continued, because Plaintiff has not obtained replacement counsel. The Court has an obligation to "control its docket and prevent undue delays in the disposition of pending cases." *Boudwin*, 756 F.2d at 401. Furthermore, *pro se* plaintiffs are not excused from the obligation to "compl[y] with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Plaintiff has an obligation to prosecute this case and cooperate with the opposing party pertaining to discovery. Therefore, the undersigned finds that a dismissal without prejudice is the appropriate remedy given the circumstances in this case.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT Defendant's Amended Motion to Dismiss [ECF No. 27] and dismiss this case without prejudice.

**SO RECOMMENDED**, this 12th day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).